UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | 1:07-cv-00554 LJO DLB HC |
|     Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | |
| ARNOLD SCHWARZENEGGER, | [Doc. 1] |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on March 5, 2007, in the United States District Court for the Eastern District of California, Sacramento Division. By order April 11, 2007, the petition was transferred to this Court. (Court Doc. 9.)

In the instant petition, Petitioner contends, albeit vaguely and somewhat incoherently, that he has been subjected to retaliatory due process violations and has been held unlawfully in administrative segregation.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

1198, 1203 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

    A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66, 115 S.Ct. at 888; <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." <u>Duncan</u>, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See <u>Anderson v. Harless</u>, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

    Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner

> wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner states that he has exhausted his remedies in the state courts, and submits a copy of the denial of his state petition for writ of habeas corpus by the California Supreme Court. (Court Doc. 14; Notice of Lodging of Records, Exhibit A.) The California Supreme Court denied the petition with citations to In re Swain, 34 Cal.2d 300, 304 (1949), and People v. Duvall, 9 Cal.4th 464, 474 (1995).

In re Swain articulates the procedural requirements that a California habeas petitioner allege with particularity the facts supporting his claims and explain and justify the delay in the presentation of those claims. In re Swain, 34 Cal.2d 300, 304, 209 P.2d 793 (1949). The Ninth Circuit has held that an In re Swain citation is a denial on procedural grounds, because such a deficiency, when it exists, can be cured in a renewed petition. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986); Harris v. Superior Court, 500 F.2d 1124, 1128, (9th Cir. 1974). Further, Duvall reiterates the requirement that an application for habeas corpus "should both (I) state fully and with particularity the facts on which relief is sought, as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474 (citations omitted).

1  Because Petitioner could and should have alleged his claims with greater particularity, the state
2  habeas corpus petition filed in the California Supreme Court, did not satisfy the exhaustion
3  requirement, and the instant petition must be dismissed.  <u>Coleman v. Thompson</u>, 501 U.S. at 731
4  ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if
5  the prisoner has not exhausted state remedies as to any of his federal claims."); <u>Jiminez v. Rice</u>,
6  276 F.3d 478, 481 (9th Cir. 2001) ("Once Rice moved for dismissal, the district court was
7  'obliged to dismiss immediately,' as the petition contained no exhausted claims.")

## RECOMMENDATION

9  Based on the foregoing, it is HEREBY RECOMMENDED that:
10  1.  The instant petition for writ of habeas corpus be DISMISSED, without prejudice;
11      and,
12  2.  The Clerk of Court be directed to enter judgment.
13  This Findings and Recommendation is submitted to the assigned United States District
14  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
15  the Local Rules of Practice for the United States District Court, Eastern District of California.
16  Within thirty (30) days after being served with a copy, any party may file written objections with
17  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
18  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
19  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
20  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
21  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
22  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
23  Cir. 1991).

24

25  IT IS SO ORDERED.
26  Dated:   **November 5, 2007**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE
27
28